JULIUS H. CARYL, Plaintiff, *v.* FRANCIS X. STAFFORD, Appellant, Impleaded with Others; NELSON J. WATERBURY, JR., Referee, Respondent.

*Foreclosure sale — referee's compensation — disbursements.*

By force of section 3397 of the Code of Civil Procedure, the compensation of a referee appointed to sell real property in an action brought to foreclose a mortgage, is limited to fifty dollars in any one action, although the referee may have made more than one sale owing to defects in the proceedings.

Such a referee is entitled, however, to be allowed his disbursements, to whatever extent they were properly incurred.

When there are infants interested in the proceeds of a mortgage foreclosure sale, an order of the court is absolutely necessary to authorize the payment by the referee of a fee to the attorneys for the purchaser at a defective sale;

*Semble,* that a verbal consent of the defendant's attorney will not, when infants are interested, justify the court in allowing such a disbursement.

APPEAL by the defendant, Francis X. Stafford, from an order of the Supreme Court made at the New York Special Term, held at Chambers, and entered in the office of the clerk of the city and county of New York on the 15th day of October, 1892, overruling exceptions, and confirming a referee's report of sale under the foreclosure of a mortgage.

The circumstances under which certain of the disbursements claimed by the referee in connection with the first sale of the property were made, are set forth as follows in an explanatory report presented by him.

"Both Mr. Leon Lewin, attorney for plaintiff, and Mr. Denis Quinn, since deceased, who represented the interest of the adult

defendants, and Mr. James M. Baldwin, the guardian *ad litem,* agreed that the purchaser could not be compelled to take title. A compromise was, therefore, made between Messrs. Foster & Stevens, representing the purchaser, and Mr. Lewin and Mr. Quinn, that it was best in the interest of economy to have the matter settled out of court, and it was accordingly agreed that the ten per cent paid the referee and the auctioneer's fees should be returned to the purchaser, and that out of the moneys thereat realized on a subsequent sale Foster & Stevens should be paid $25, and that the referee should retain the expenses which he had incurred together with the compensations of the referee. This is in accordance with the established practice in foreclosure suits, was satisfactory to all the parties at the time, and the referee was surprised to learn that after a long time had elapsed they are now questioned."

*J. W. Shepard,* for the appellant.

*N. J. Waterbury, Jr.,* for the respondent.

VAN BRUNT, P. J.:

It appears from the papers that the respondent was appointed referee to sell certain premises under foreclosure, and that owing to defects in the proceedings there were three sales by the referee, and the referee was allowed to deduct from the proceeds of the last sale, fifty dollars, for his time and services upon each sale. We cannot find any warrant for such allowance. By section 3297 of the Code (the section which fixes the compensation of the referee) it is provided that the referee's compensation, including commissions, cannot, where the sale is under a judgment in an action to foreclose a mortgage, exceed fifty dollars. This seems to us to limit the fees which a referee may charge for the sale of property, as his compensation in any one action, to fifty dollars.

For his disbursements, he would be entitled to be allowed to whatever extent they were properly incurred. And there seem to have been no error in the allowance of the expenses for advertising or the payment of the auctioneer's fees.

The payment by the referee to the attorneys for the purchaser upon the first sale of twenty-five dollars, seems to be entirely unauthorized, there being no order of the court in reference thereto,

which was absolutely necessary in view of the fact that there were infants interested in the proceeds of sale. In passing, it may be said that even the verbal consent claimed to have been given by the defendant's attorney, now deceased, would seem hardly sufficient, if there were infants interested, to justify the court in allowing such a disbursement.

The order should be modified by sustaining the objections as to the fifty dollars for the referee's compensation on the first sale, and as to the fifty dollars for his compensation on the second sale, and as to the twenty-five dollars paid to the counsel for the purchaser upon the first sale. This modification of the order would, under ordinary circumstances, have been made upon the payment of costs and disbursements of the appeal by the respondent; but the papers have been put together in such a way that it is impossible to tell to which order they apply, and some are included which have not the slightest pretense of right to be embraced within the record.

The order will, therefore, be modified, without costs.

O'BRIEN, J., concurred.

Order modified as directed in opinion and as modified affirmed, without costs.